FILED
2011 Nov-04 PM 01:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COOPER HOSIERY MILLS, INC., } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 11-AR-3202-S |
| } | |
| FISHER-PRICE, INC., et al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION AND ORDER**

The above-entitled case was originally filed by Cooper Hosiery Mills, Inc. ("Cooper"), an Alabama corporation, in the Circuit Court of DeKalb County, Alabama, against three defendants, Fisher-Price, Inc. ("Fisher-Price"), a California corporation, Mattel, Inc. ("Mattel"), a California corporation, and Day Star Group, Inc. ("Day Star"), an Alabama corporation. It was removed on September 2, 2011, to this court by the two diverse defendants, pursuant to 28 U.S.C. § 1332, before Day Star, the non-diverse defendant, had been served. The notice of removal alleged that complete diversity exists because Day Star was fraudulently joined and there is no case or controversy between Cooper and Day Star. Fisher-Price and Mattel then moved for Day Star to be dropped as a defendant pursuant to Rule 21, F.R.Civ.P. This court has never "dropped" an allegedly fraudulently joined defendant before, not being sure of the adjudicative effect of a "dropping", as contrasted to a dismissal.

Cooper moved to remand the case to the state court, denying

that Day Star is not a proper party.  Cooper has never complained of any procedural defect in the removal, including the fact that the removing defendants violated 28 U.S.C. §§ 1441(a) and 1446(a), by **expressly** removing this case to the United States District Court for the Northern District of Alabama, **Southern Division**, instead of to the United States for the Northern District of Alabama, **Middle Division**, where DeKalb County is located.  On November 1, 2011, the court, of its own motion, raised a question about its subject-matter jurisdiction, possibly implicated by the removal to the wrong division.  Subject-matter jurisdiction cannot be waived, whereas a procedural defect in removal can be waived.  Cooper, of course, has raised a separate question about § 1332 subject-matter jurisdiction, alleging a lack of complete diversity.

     The court heard Cooper's motion on November 1, 2011.  Between September 1, 2011, and November 1, 2011, the undersigned operated as the judicial officer ostensibly having full jurisdiction over the case, without objection from any party, although the undersigned is, at the present time, not designated to sit in the Middle Division, and frankly, did not notice the problem until preparing to hear the motion.

     For the purposes of court management, the Northern District of Alabama is divided into seven divisions, each with a different panel of judges assigned to it and rotated from time to time.  All district judges within the Northern District of Alabama have

plenary jurisdiction over all cases filed in the Northern District of Alabama, incorrect venue not being jurisdictional.  For instance, a case erroneously filed in the Western Division instead of the Eastern Division, which would have been the proper division, can proceed in the Western Division to final judgment, unless and until a timely motion to transfer to the Eastern Division is granted.  Also, if a case is filed in the wrong division the day before the statute of limitations runs, the case is deemed timely filed, or if a case is removed to the wrong division within the thirty (30) day removal window, it constitutes a procedural defect that is waivable.  In this case, all such defects  have been waived by Cooper.

Although the undersigned might be able *sua sponte* to foist this case off onto one of the three judges now designated to sit in the Middle Division, the undersigned, upon reflection and after further study of the issue, concludes, and hereby finds, that under the procedural circumstances, all parties having waived all possible venue objections that might have been timely interposed, venue is proper in the Southern Division before the undersigned, especially when the undersigned was the first and only person to detect the error of the removing defendants before November 1, 2011.  The court became unnecessarily worried about one subject-matter jurisdiction issue before considering the other, more important, unwaivable § 1332 jurisdictional issue.

3

In accordance with the foregoing, the undersigned ASSUMES JURISDICTION, and will make the decisions on the other issues that are or will be before the district court.

Not believing that further argument is necessary, the court will rule in due course on the other pending motions without further argument.

DONE this 4th day of November, 2011.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

4