IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COOPER HOSIERY MILLS, INC., | }<br>}<br>} |
| Plaintiff, | }<br>} |
| v. | }  CIVIL ACTION NO.<br>}  11-AR-3202-S<br>} |
| FISHER-PRICE, INC., et al., | }<br>} |
| Defendants. | } |

**<u>MEMORANDUM OPINION</u>**

This court having previously decided the venue question raised *sua sponte*, it now must decide the question of subject-matter jurisdiction raised by the motion to remand of plaintiff, Cooper Hosiery ("Cooper"), under 28 U.S.C. § 1332. The case was removed to this court by diverse defendants, alleging that Day Star, Inc. ("Day Star"), a non-diverse defendant, was and is not a proper party, and is an entity against which Cooper has not stated a cause of action. Under the circumstances, the court is bound to take as true all allegations in the complaint. The removing defendants have the burden of proving everything necessary to the court's subject-matter jurisdiction. They cannot, on behalf of Day Star, challenge the sufficiency of the complaint against it under the rules laid down in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 117 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

The opposing parties both refer to this court's opinion in *Andalusia Enterprises, Inc. v. Evanston Insurance Company*, 487

F.Supp.2d 1290 (N.D. Ala. 2007).  Cooper relies on *Andalusia*, whereas the removing defendants, Fisher Price, Inc. ("Fisher"), and Mattel, Inc. ("Mattel"), attempt to distinguish it.  In *Andalusia*, it was clear to this court that the non-diverse party was a proper party.  The instant case admittedly can be distinguished, if barely.  The court is, of course, not bound by what it said in any earlier case, but it is persuaded by the reasoning it employed in *Andalusia* as relevant to the instant motion to remand.

The parties understandably have not cited this court's unpublished opinion of August 16, 2011, in *Nationwide Mutual, et al. v. Bashir's, Inc., et al.*, CV-09-AR-0536-S, in which this court granted a motion to intervene filed by an underlying tort-claimant against whom an insurer's declaratory action, that had originally included the tort-claimant as a defendant, had been dismissed without prejudice against the tort-claimant on motion of the insurer-plaintiff.  The insurer must have thought when it filed suit, as this court now does, that the tort-claimant was a proper party.  In *Nationwide Mutual*, the court directed the Clerk to add the intervenor as a party defendant.  The opinion in *Nationwide Mutual* contained these words, *inter alia*:  "For the reasons given this day in open court, the motion [to intervene] . . . is GRANTED." The court cannot recall the precise reasons it gave in its peroration, but it is confident that it shared with the parties its firm belief that Alabama's Declaratory Judgement Act requires that

all entities who arguably may be affected by the outcome of the declaratory judgment action must be made parties.

This court cannot predict what the effect of any final judgment in this case may have on Day Star. Day Star is not now before the court, except vicariously. Accordingly, it has not expressed itself on what effect this case may have on its rights and/or obligations here or elsewhere. It is more than interesting that the removing defendants have filed a separate motion in this case seeking a transfer of the case to California based on a forum selection clause in a contract executed by Day Star, but not by Cooper. Removing defendants must think there is **some** connection between this case and Day Star.

Because this court finds that the possible interest of Day Star is not so nebulous or speculative as to insulate it from proper party status, and because this court is governed by the basic principles of federalism preferring a state forum, the motion to remand will be granted by separate order.

DONE this 7th day of November, 2011.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

3